J-S36011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHONTEE LATHAM | |
| Appellant | No. 1360 WDA 2014 |

Appeal from the PCRA Order July 14, 2014
In the Court of Common Pleas of Lawrence County
Criminal Division at No(s): CP-37-CR-0001266-2008

BEFORE:  PANELLA, J., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED NOVEMBER 16, 2015**

Appellant, Shontee Latham, appeals *pro se* from the PCRA[1] order

entered July 14, 2014, by the Honorable Dominick Motto, Court of Common

Pleas of Lawrence County.  We affirm.

The PCRA court summarized the factual history as follows.

On the evening of September 30, 2008, [Sherbelle] Hall was at her neighbor's house at 219 West Lincoln Avenue in the Lincoln housing project in New Castle[, Pennsylvania] hanging out with friends when she looked outside and saw [Latham] leaning on a car that did not belong to him parked outside the residence.  Ms. Hall recognized [Latham] so she went outside and told him to get off the car and when he wouldn't leave[,] she nudged him to try to make him move.  [Latham] told Ms. Hall that no one was going to disrespect him and proceeded to pull a gun out of his

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

pocket and fired a bullet into the air right above her head. Ms. Hall started yelling at [Latham] and began to walk away when [Latham] started following her and telling her that no one is going to disrespect him[.] [H]e [then] pointed a gun at [Ms. Hall's] chest and told her he would "put one in her." Ms. Hall walked away from [Latham] and went back to her house and called the police.

PCRA Court Opinion, 7/14/14 at 2-3 (citation omitted).

On April 23, 2010, a jury convicted Latham of firearms not to be carried without a license, possession of a firearm prohibited, recklessly endangering another person, and terroristic threats.[2] On August 6, 2010, the trial court sentenced Latham to five to ten years' imprisonment. This Court affirmed Latham's judgment of sentence on appeal. **Commonwealth v. Latham**, 60 WDA 2011 (Pa. Super., filed Oct. 18, 2011) (mem. op.). Latham did not seek allocatur with the Pennsylvania Supreme Court.

Latham filed a timely *pro se* PCRA petition. The PCRA court appointed counsel to represent Latham as a first time, indigent PCRA petitioner. Subsequently, Latham filed a *pro se* "Motion to Dismiss Counsel and Proceed Pro Se," expressing dissatisfaction with his court-appointed counsel. The PCRA court granted Latham's motion, and Latham proceeded to represent himself throughout the PCRA hearing. At the conclusion of the hearing, the court denied Latham's PCRA petition. This timely *pro se* appeal followed.[3]

---

[2] 18 Pa.C.S.A. §§ 6106(a)(1), 6106(a)(1), 2705 and 2706(a)(1), respectively.

[3] On July 16, 2015, this Court remanded the proceedings and directed the PCRA court to conduct a hearing and an on-the-record colloquy to confirm

*(Footnote Continued Next Page)*

Latham raises the following issues for our review.

1. Whether my conviction resulted from ineffective assistance of counsel which so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place?

2. Whether trial counsel was ineffective in failing to seek suppression of police testimony regarding the unlawful forced entry into my home and arresting me in my shower?

3. Whether trial counsel was ineffective for eliciting damaging hearsay testimony and submitted additional hearsay testimony to my prejudice.

4. Whether trial counsel was ineffective for failing to impeach Sherbell[e] Hall with her multiple prior contradictory inconsistent statements.

5. Whether trial counsel was ineffective for his failure to object to the prosecutor's closing argument and moving for a mistrial on the grounds of:
   a. Appealing to the emotions of the jury
   b. Bolstering the credibility of witnesses, and
   c. Injecting facts not in evidence.

Appellant's Brief at 5.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v.***

*(Footnote Continued)* ————————————————

Latham's desire to proceed *pro se*. On August 28, 2015, the PCRA court conducted a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998), and affirmed that Latham had made a knowing, voluntary and intelligent waiver of his right to counsel and that he continued to desire to proceed *pro se*. Latham additionally executed a written waiver of counsel on that date. Accordingly, we will now proceed to address the merits of Latham's appeal.

*Edmiston*, 65 A.3d 339, 345 (Pa. 2013) (citation omitted), *cert. denied*, *Edmiston v. Pennsylvania*, 134 S. Ct. 639 (2013). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." *Commonwealth v. Koehler*, 36 A.3d 121, 131 (Pa. 2012) (citation omitted). In order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. *See* 42 Pa.C.S.A. § 9543(a)(3). "[T]his Court applies a *de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011) (citation omitted).

> It is well settled that
>
> [t]o plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. *Commonwealth v. Chmiel*, 612 Pa. 333, 30 A.3d 1111, 1127 (2011).

*Commonwealth v. Rykard*, 55 A.3d 1177, 1189-1190 (Pa. Super. 2012), *appeal denied*, 64 A.3d 631 (Pa. 2013). "Generally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests." *Commonwealth v. Colavita*, 993 A.2d 874, 887 (Pa. 2010) (citation

omitted). A failure to satisfy any prong of the test will require rejection of the claim. **See Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014).

Latham's first issue on appeal merely constitutes a blanket statement of trial counsel's ineffectiveness to which he devotes no argument. We will therefore proceed to address the specific allegations raised in issues two through five.

Latham first contends that trial counsel was ineffective for failing to suppress police testimony at trial concerning the forced entry into Latham's home and his subsequent arrest therein. This claim misses the mark.

The police testimony detailing the events leading up to Latham's arrest do not constitute evidence, as such, that would be subjected to a suppression motion. **See** Pa.R.Crim.P. 581(A) ("The defendant's attorney, or the defendant if unrepresented, may make a motion to the court to suppress any **evidence** alleged to have been obtained in violation of the defendant's rights." (emphasis added)). Thus, there was simply no basis on which to seek suppression of the statements made by police detailing Latham's arrest.[4] Latham's underlying claim therefore has no arguable merit.

_____

[4] In any event, we note that trial counsel did file a Motion to Suppress "any and all items of evidence and statements obtained at the place Defendant was staying and in which he was arrested without warrant on the morning of Sep. 30, 2008[.]" Defendant's Omnibus Motion, 3/2/09. The trial court denied the suppression motion following a hearing.

To the extent Latham argues that trial counsel was ineffective for failing to seek a motion *in limine* to preclude the police testimony, counsel testified at the PCRA hearing that he did not seek to preclude the testimony regarding the circumstances of Latham's arrest because he "needed the jury to hear that the police never found a gun." N.T., PCRA Hearing, 1/31/14 at 96. Given that Latham was charged with firearms-related offenses, it was entirely reasonable that trial counsel would have wanted to elicit the fact that a firearm was not discovered in Latham's residence at the time of his arrest shortly after the incident was alleged to have occurred. We therefore find that trial counsel had a reasonable basis for not seeking to preclude the police testimony. Accordingly, counsel was not ineffective.

Latham next argues that trial counsel was ineffective for eliciting damaging hearsay testimony while questioning the victim on the existence of other witnesses to the gunshot. Latham objects to the following exchange.

Q: Did any of them see outside during this incident?

A: No. They heard the gunshot and they stayed – they didn't come out, no.

Q: Did any of them see a gunshot?

A: From inside, they seen it.

Q: Who?

A: Let's see, Ashley Wells, Ashley Wise, and Theresa was upstairs – no, Tina was outside. I don't know if Talesha seen –

Q: So, you claim that all of these girls actually saw a gunshot?

A:      Yes.

Q:      Ashley Wise included?

A:      Yes.

N.T., Trial, 4/20/10 at 42.  Latham argues that he was prejudiced when counsel permitted the victim to reference hearsay statements by the alleged witnesses to the shooting.  This argument ignores the fact that counsel later used these statements to impeach the victim's credibility.

Q:      You said Ashley Wise would have seen the gunshot?

A:      She said – she told me that she seen him, yes.  She's not here today.  I couldn't get in contact with her.

Q:      Do you know that Ashley spoke with the police officer after this incident?

A:      I'm not sure if she spoke with them or not, but she showed up for me as a witness.  So, I'm assuming that she did.

Q:      Would it surprise you she told – she never told the police that she saw Mr. Latham shoot the gun?

A:      Would it surprise me?

Q:      Yes.

A:      Yes, I would be a little bit surprised, because she told me she seen it.  She showed up for me the first few times that we have come to court.  This is the first time her not being here.

Q:      Let me read to you the affidavit of probable cause filed by Officer Newton in this case.  These are the exact words from his report.  This Officer then spoke with Ashley Wise.  This is after the incident occurred.  She stated that she was in her residence at 219 West Lincoln Avenue when she heard a gunshot.

A:      OK.  She said she heard, okay, not saw a gunshot.  She heard a gunshot.

Q:      She said she looked out the window, and then she claims that she saw Latham lower a handgun.  She didn't say she saw a gunshot?

- 7 -

A:    Well, she's – she told me differently….

Q:    She told you that, but she told you later that she saw a gunshot?

A:    Later, she told me that she didn't – no, she didn't say she actually seen the gun, but she said, yes, she seen him lowering the hand, and when we were arguing, when he had the gun at my chest, she said, yes, she seen that part.

Q:    Didn't you just tell me that she told you she saw a gunshot?

A:    She did tell me that.

Q:    Now you're saying she didn't say that?

A:    I'm saying – assuming it is written down.

Q:    I guess you're not sure what you just told me.

*Id*. at 44-46.

The PCRA court determined that counsel's strategy in trying to "discredit the credibility of the witness or the investigation" was a reasonable one. PCRA Court Opinion, 7/14/14 at 10. The court reasoned that "[e]ssentially counsel was attempting to bring out inconsistencies in the statements of the victim and individuals who could have been called as witnesses to discredit the investigation and to suggest the entire incident was made up." *Id*.

We have no reason to disagree with the PCRA court's assessment of trial counsel's strategy. Counsel's use of the affidavit of probable cause to impeach the witness's credibility was clearly calculated to undermine the victim's testimony and thus, advance Latham's interest. The fact that Latham disagrees with counsel's strategy does not render it unreasonable.

Therefore, Latham's claim that counsel was ineffective for permitting the witness to refer to hearsay statements of the alleged witnesses to the shooting lacks merit.

Latham next contends that trial counsel was ineffective for failing to impeach the victim's trial testimony with prior inconsistent statements from the pretrial hearing. Latham pinpoints five minor inconsistencies in the victim's testimony to support his argument. *See* Appellant's Brief at 36-39.

At the PCRA evidentiary hearing, trial counsel testified that he did not use the preliminary hearing transcript at trial, because he "felt the police report was more valuable in getting admissions that the complainant was a liar." N.T., PCRA Hearing, 1/31/14 at 69. Counsel further explained that "there were not enough significant inconsistencies in [the victim's pretrial testimony] to warrant using the [preliminary hearing transcript], which is why I didn't." *Id*. at 73. The PCRA court agreed with counsel's assessment, reasoning that "[a]ttempting to discredit the victim in minor matters such as the barrel length of the revolver, its color, and whether [Latham] ran or walked home would have reinforced the testimony as to how the incident occurred." PCRA Court Opinion, 7/14/14 at 11.

We find no abuse of discretion in the PCRA court's analysis. Rather than risk reaffirming the victim's account of the incident, counsel chose to forego impeaching the witness on minor details. This strategy was reasonably advanced to avoid highlighting the instances where the victim's testimony varied. Accordingly, we find trial counsel was not ineffective for

failing to impeach the victim on minor inconsistencies with her pretrial statements.

Latham next argues that trial counsel was ineffective for failing to object to instances of prosecutorial misconduct during the Commonwealth's closing statement. We have previously recognized that

> "[n]ot every unwise remark made by an attorney amounts to misconduct or warrants the grant of a new trial." **Commonwealth v. Carson**, 913 A.2d 220, 242 (Pa. 2006). "Comments by a prosecutor do not constitute reversible error unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so they could not weigh the evidence objectively and render a true verdict." **Commonwealth v. Stokes**, 839 A.2d 226, 230 (Pa. 2003), quoting **Commonwealth v. Fisher**, 813 A.2d 761, 768 (Pa. 2002).

> Furthermore, according to the Pennsylvania Supreme Court in **Commonwealth v. Chmiel**[, 889 A.2d 501, 543-44 (Pa. 2005)]:

> > In determining whether the prosecutor engaged in misconduct, courts must keep in mind that comments made by a prosecutor must be examined within the context of defense counsel's conduct. It is well settled that the prosecutor may fairly respond to points made in the defense closing. A remark by a prosecutor, otherwise improper, may be appropriate if it is in [fair] response to the argument and comment of defense counsel. Moreover, prosecutorial misconduct will not be found where comments were based on the evidence or proper inferences therefrom or were only oratorical flair.

**Commonwealth v. Collins**, 70 A.3d 1245, 1252-53, *appeal denied*, 80 A.3d 774 (Pa. 2013).

Latham contends that the prosecutor's use of the phrase "demeaning and traumatic" to describe the incident for which Latham was arrested was

improper. Contrary to Latham's argument, we find the prosecutor's comment was properly within the realm of oratorical flair that a prosecutor is permitted to use during closing arguments and was not likely to destroy the objectivity of the factfinder. **See Commonwealth v. Novasak**, 606 A.2d 477, 481 (Pa. Super. 1992).

Latham also claims that the prosecutor made impermissible comments when she stated that although the victim mistakenly told police that the car on which Latham was leaning was hers, when it was actually her cousin's, "everything else she reported to the police accurately." Appellant's Brief at 54. We conclude that in making this assertion, the prosecutor was merely encouraging the jury to draw an inference that could reasonably be derived from the evidence admitted at trial. **See Commonwealth v. Riggle**, 119 A.3d 1058, ___, 2015 WL 4094427, at *8 (Pa. Super. 2015). As we find the prosecutor's comments were permissible, counsel cannot be found ineffective for failing to object.

Latham lastly argues that the prosecutor impermissibly bolstered the victim's credibility by referencing facts outside of the record. Specifically, he contends that the following portion of the prosecutor's summation violated this Court's pronouncement in **Commonwealth v. Jubilee**, 589 A.2d 1112 (Pa. Super. 1991).

> When you think about consistency, you think about Sherbelle Hall. Okay. This is a transcript. Every pretrial proceeding, including the pretrial hearing, is transcribed, okay, and what that is, it's a tool that lawyers use so that when a witness gets on the stand, the lawyer can look up how – listen to how they testified

here and then look up to see how they testified at a prior hearing. During this trial, defense counsel never, ever picked up this little transcript to show any inconsistency in Sherbelle Hall's testimony. Never once. Never once. That shows that for every hearing, including this trial, she has said the same thing over and over again.

N.T., Trial, 4/22/10 at 11-12. In **Jubilee**, this Court held that a prosecutor's reference to prior consistent preliminary hearing testimony that was not in evidence improperly bolstered a rape victim's testimony.

Our review of the record reveals no indication that the preliminary hearing transcript, or any other transcript in this matter, was introduced into evidence at trial. Accordingly, we agree with Latham that the prosecutor's reference to Sherbelle Hall's consistent testimony throughout all of the proceedings, include the pretrial hearing, improperly bolstered the victim's testimony.

However, even if the prosecutor's comment was improper, Latham must still establish that he suffered prejudice as a result, "*i.e.,* there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." **Commonwealth v. Laird**, 119 A.3d 972, 978 (Pa. Super. 2015) (citations omitted). Here, the trial court instructed the jury that statements made by counsel during summation do not constitute evidence and that the jury must decide the facts of the case based upon its own recollection and consideration of the evidence. N.T., Trial, 4/22/10 at 2-3. "[T]he law presumes that the jury will follow the instructions of the court." **Commonwealth v. Miller**, 819 A.2d 504, 513 (Pa. 2002) (citations omitted).

- 12 -

We therefore conclude that the trial court's instructions ameliorated any prejudice Latham may have suffered. Consequently, trial counsel was not ineffective for failing to object to the prosecutor's reference to the victim's consistent testimony based upon facts not in evidence.

Based upon all of the foregoing, we affirm the order dismissing Latham's PCRA petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/16/2015